UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| STEVEN VAN HORNE,<br><br>    Plaintiff,<br><br>v.<br><br>TOMMY VALENCIA, et al.,<br><br>    Defendants. | No. 1:21-CV-173-H |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate Judge John R. Parker made Findings, Conclusions, and a Recommendation (FCR) regarding the defendant's motion to dismiss for failure to state a claim. Dkt. No. 11. Judge Parker recommended that the Court dismiss plaintiff's claims against the defendants for lack of subject matter jurisdiction or, in the alternative, grant Defendant's Rule 12(b)(6) motion for failure to state a claim upon which relief may be granted. *Id.* at 15. Additionally, Judge Parker recommended that the Court dismiss *sua sponte* the plaintiff's claims against DPS under Rule 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Id.* Plaintiff filed objections to the FCR. Dkt. No. 12. For the reasons stated below, the Court accepts and adopts the FCR (Dkt. No. 11) in full. The Court grants the defendants' motion (Dkt. No. 4.) and dismisses the claims against all the defendants.

1. **Background**

The Court adopts the magistrate judge's articulation of the facts. Dkt. No. 11 at 2–5. Only a brief summary is necessary here.

This case arises from a traffic stop in Taylor County. *See* Dkt. No. 1-4 at 2. Defendant State Trooper Daniel White pulled over plaintiff Steven Van Horne for a broken tail light. *Id.* at 4. White asked Van Horne to exit his truck so he could examine the tail light. *Id.* He then asked if Van Horne had any identification. *Id.* Uncomfortable, Van Horne returned to his "truck, locked the doors, and began looking for documents with his name." *Id.* at 4–5. Van Horne then refused to exit the truck for some time, asserting that he did not have a driver's license and "did not need one." *Id.* at 5. After Van Horne's continued to refuse to exit his truck and produce a driver's license, Defendant State Troopers Tommy Valencia and Charles Wheeler arrived. *Id.* Ultimately, Van Horne was arrested for failure to identify and for driving without a valid driver's license. *Id.* at 5–6.

Van Horne now brings claims rooted in his alleged separate, religious, and sovereign right to be free from identification and driving license requirements in Texas. *Id.* at 6–26.

## 2.   Legal Standards

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. §636(b)(1). For an objection to be reviewed de novo it must be "specific and clearly aimed at particular findings in the magistrate judge's proposal." *United States v. Swinton*, 251 F. Supp. 3d 544, 549 (W.D.N.Y. 2017) (citation omitted); *see* Fed. R. Civ. P. 72(b)(2). "Objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." *Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 67 (S.D.N.Y. 2013) (internal quotation marks omitted). An objection that merely disagrees with a recommendation, or simply summarizes what has been presented before, is also not

sufficient to trigger de novo review. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). And when no specific objections are filed within fourteen days, the Court reviews the FCR only for plain error. *See* Fed. R. Civ. P. 72(b). *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1); *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

3. Analysis

Plaintiff's objections (Dkt. No. 12.) are mostly identical to the arguments and reasoning made in his original complaint (Dkt. No. 1-4). As such, they fail to qualify as specific, proper objections that meet the standard for de novo review, and the Court could rightly decline to consider them. *See Martin*, 304 F. Supp. 2d at 937. Nevertheless, out of an abundance of caution, the Court addresses each objection. Liberally construing Van Horne's redundant arguments, the Court discerns five possible objections. All are overruled.

A. Objections One, Two, and Three: Factual History

Van Horne argues that the FCR's framing of the incidents leading to his arrest obscure the facts and "paint him in a negative light." Dkt. No. 12 at 1. He specifically objects to three parts of the FCR "Factual Background" where he believes he is misrepresented. Specifically, his motivations for remaining within his vehicle, his verbal identification to the arresting officer, and the incorrect identification of his declaration of religious sovereignty. *Id.* at 1, 3.

These factual characterizations are legally immaterial, and they do not enable Van Horne to state a claim. In any event, these three grievances can be addressed by the magistrate judge when evaluating Van Horne's motion for leave to amend. Dkt. No. 13.

    **B.    Objection Four: State's Police Power to Require Driver's Licenses**

Van Horne then claims that the FCR fails to address any of his arguments against the need for a driver's license. Dkt. No. 12 at 4. He mostly rehashes, often verbatim, his response to the defendant's motion to dismiss that the magistrate judge reviewed and discarded as frivolous. *See* Dkt. Nos. 11; 12. Having reviewed these arguments de novo, the Court does the same.

States have a "constitutionally protected police power" that covers the regulation of "all motor vehicles" that drive within their borders. *Perkins v. Ivey*, 772 F. App'x. 245, 246 (5th Cir. 2019). This includes the registration of vehicles and the licensing of drivers. *Id*. at 246. Texas law specifically forbids operating a motor vehicle on highways in the state if a person does not hold a driver's license, with only limited exceptions. *See* Tex. Transp. Code Ann. § 521.021.

Van Horne offers no new information to sustain his objection and merely restates what he has presented before. *See* Dkt. No. 12 at 4. Neither does he offer evidence of any exemptions from the state law requirement. *See* Transp. Code Ann. § 521.027. Thus, the Court overrules his objection to the state's police power to require driver's licenses.

    **C.    Objection Five: The Distinction Between "Traveling" and "Driving"**

Van Horne next argues that he was not engaged in commercial activities when he was arrested and thus "was not subject to regulation under the state's police power." Dkt. No. 12 at 10. The magistrate judge addressed this argument in his FCR, and rejected it as

"frivolous and without merit." Dkt. No. 11 at 9. Having reviewed this argument de novo, the Court overrules the objection.

In his objection, Van Horne argues that when he was pulled over by police officers, he was "not engaged in commercial activities," which he views as a requirement of "driving" a "motor vehicle" under Texas law. Dkt. No. 12 at 7–10. Thus, he claims that he was only "traveling" in a personal vehicle or automobile. *Id.* Because the licensing requirement of the Texas Transportation Code applies only to users of "motor vehicles," he claims to be exempt from the state's driver's license requirement. *Id.* In support, he relies on cherry-picked quotes from inapposite case law and old dictionary definitions. *Id.*

Here, the distinction between "traveler" and "driver" is legally immaterial. Texas state law requires the licensing of drivers to operate motor vehicles on state highways. Tex. Transp. Code Ann. § 521.021. The Texas Transportation Code defines a motor vehicle as a "self-propelled vehicle" and a vehicle as "a device that can be used to transport or draw persons or property on a highway." Tex. Transp. Code Ann. § 541.201(11), (23). Use for commercial activities is not a prerequisite to being classified as a "motor vehicle," and there are no separate definitions for "personal vehicle" or "automobile." *Id.* Van Horne does not acknowledge the code's definitions, nor explain why they do not apply to him. Thus, the Court overrules his objection regarding the immaterial distinction between traveling and driving in a motor vehicle.

4. **Conclusion**

Having reviewed all of Van Horne's objections de novo, the Court overrules them. Having also reviewed the un-objected to portions of the FCR for plain error, the Court finds none. Accordingly, the Court accepts and adopts the FCR. Dkt. No. 11. The defendants'

motion (Dkt. No. 4.) is granted.  The Court dismisses the plaintiff's claims against defendants Tommy Valencia, Daniel White, and Charles Wheeler under Rule 12(b)(6). And the Court dismisses the plaintiff's claims against the Texas Department of Safety *sua sponte*.

This case remains referred to Magistrate Judge Parker for a report and recommendation on the outstanding motions. Dkt. Nos. 13; 14; 16.

So ordered on July 18, 2022.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE