UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| STEVEN VAN HORNE,<br><br>   Plaintiff,<br><br>v.<br><br>TOMMY VALENCIA, et al.,<br><br>   Defendants. | No. 1:21-CV-173-H-BU |

## ORDER

United States Magistrate Judge John R. Parker made Findings, Conclusions, and a Recommendation (FCR) (Dkt. No. 19) regarding Steven Van Horne's Second Motion for Leave to Amend Complaint (Dkt. No. 13), Motion for Extension of Time (Dkt. No. 14), Motion for the Clerk to Issue Summons and Request for the U.S. Marshals to Serve Summons (Dkt. No. 16), and Motion to Amend Order and Judgment (Dkt. No. 18).  Judge Parker recommended that the Court deny all four motions and enter final judgment on all claims.  Dkt. No. 19 at 21–22.  The FCR notified Van Horne of his right to object to the FCR within fourteen days.  *Id.* at 22.

After the 14-day objection period had passed, Van Horne requested that the Court extend the time for him to object to the FCR, explaining that he had been "away on a religious retreat."  Dkt. No. 20 at 1–2.  The Court denies Van Horne's request.  Therefore, because no objections were timely filed, the Court reviews the FCR for plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).  Finding none, the Court accepts and adopts the FCR (Dkt. No. 19).

Even if the Court had granted Van Horne's request and considered Van Horne's objections (Dkt. No. 20-1 at 1–7), the Court's conclusion would remain the same. Van Horne objects to Judge Parker's recommendation that his Second Motion for Leave to Amend Complaint (Dkt. No. 13) and his Motion to Amend Order and Judgment (Dkt. No. 18) be denied. Dkt. No. 20-1 at 1. The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). "Objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." *Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 67 (S.D.N.Y. 2013) (internal quotation marks omitted). An objection that merely disagrees with a recommendation or simply summarizes what has been presented before is also not sufficient to trigger de novo review. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).

Here, the magistrate judge thoroughly analyzed Van Horne's motions. He found that "Van Horne's repeated failures to cure deficiencies in his pleadings and the futility of permitting additional amendments weigh[ed] in favor of denying any further amendments." Dkt. No. 19 at 16. He also found that "Van Horne fail[ed] to demonstrate the existence of extraordinary circumstances that warrant[ed] Rule 60(b)(6) relief," noting that Van Horne's motion appeared to be "an attempt to have the Court once again consider his legally frivolous claims that the State's laws do not apply to him." *Id.* at 21. None of Van Horne's arguments alter the FCR's analysis or lead the Court to a different conclusion. *See* Dkt. No. 20-1. As such, the Court accepts and adopts the FCR.

Van Horne's Second Motion for Leave to Amend Complaint (Dkt. No. 13), Motion for Extension of Time (Dkt. No. 14), Motion for the Clerk to Issue Summons and Request for the U.S. Marshals to Serve Summons (Dkt. No. 16), and Motion to Amend Order and Judgment (Dkt. No. 18) are all denied.  The Court also denies Van Horne's Third Motion for Leave to Amend Complaint (Dkt. No. 21) because, as noted above, permitting an additional amendment would not cure the deficiencies in his pleadings and would thus be futile.  *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2018) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.").  The Court will issue a final judgment in accordance with this order.

So ordered on August 2, 2023.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE